

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed December 9, 2014**

United States Bankruptcy Judge

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | |
| MONTCREST ENERGY, INC., § | CASE NO. 13-41129-DML-7 |
| DEBTOR. § | |
| § | |
| § | |
| NANCY CALLAN; MONTE R. HULSE; § | |
| CALLAN/BRASWELL 1992 FAMILY L.P.; § | |
| NANCY H. CALLAN, JR., TRUSTEE FOR THE § | |
| DIANE CALLAN BRASWELL TRUST; PATRICIA § | |
| H. BRASWELL; ROBERT S. BRASWELL, IV; § | ADVERSARY NO. 14-04039 |
| ROBERT BURKETT; ANETTE CONNELL; § | |
| HOWARD F. HAMBLETON, II, TRUSTEE FOR § | |
| THE HOWARD FRANCIS HAMBLETON EXEMPT § | |
| CHILDREN'S TRUST; DANIELLE HAMBLETON; § | REMOVED FROM THE 74TH JUDICIAL |
| AARON RIFE; CARMEN GRAM, TRUSTEE FOR § | DISTRICT COURT FOR MCLENNAN |
| THE DUANE O. FRANCIS TRUST; BENJAMIN § | COUNTY, TEXAS |
| HAMBLETON, TRUSTEE FOR THE BENJAMIN § | CAUSE NO. 2014-925-3 |
| HAMBLETON LIVING TRUST; CARMEN GRAM, § | |
| TRUSTEE FOR THE CARMEN F. GRAM GST § | |
| EXEMPT TRUST; JAMES E. REILLY; NEILS § | |
| HAUGAARD PEDERSEN; CAROL L. § | |

HAMBLETON, TRUSTEE FOR THE CAROL L. §
HAMBLETON GST EXEMPT TRUST; AND §
CAROL HAMBLETON, TRUSTEE FOR THE §
CAROL HAMBLETON LIVING TRUST §
     PLAINTIFFS, §
§
v. §
§
BLACK STRATA, LLC; MONTCREST ENERGY §
PROPERTIES, INC.; MONTCREST HOLDINGS, §
INC.; DOUG FORREST; JOHN FORREST; §
BEATRIZ BAKER; CRAIG CROCKETT; THE §
CROCKETT FIRM; CRAIG M. CROCKETT, §
P.C.; GREG BRADSHAW; BRODIE BOSWORTH; §
MICHAEL J. BOSWORTH; ARNOLD J. MORRIS, §
JR.; ARNOLD J. MORRIS, III; LUANN §
GRAHAM; JONATHAN GRAHAM DISCOVERY §
DRILLING AND EXPLORATION, INC.; LESTER §
URICH; RAY PRICHARD; CRAIG CORLEY; §
THOMAS MCMURRAY; THOMAS §
MCMURRAY, P.C.; AND CHAD LEE §
     DEFENDANTS. §
§

§
CALLAN *ET AL.*, §
     PLAINTIFFS, §
§
v. §
§
BLACK STRATA, LLC, *ET AL.*, §
     DEFENDANTS, §
§
v. §     ADVERSARY NO. 14-04024
§
CRAIG CROCKETT, §
     THIRD-PARTY PLAINTIFF, §
§
v. §
§
MONTCREST ENERGY, INC. §
     THIRD-PARTY DEFENDANT. §
§

## AMENDED[1] MEMORANDUM OPINION AND ORDER

Before the court is *Plaintiffs' Amended Motion to Abstain and to Transfer the Case to the Northern District of Texas, Dallas Division, and Brief in Support* (docket no.[2] 15, the "Amended Motion").  By the Amended Motion, Plaintiffs urge this court to abstain from hearing the Removed Adversary (defined below) and to transfer the Removed Adversary to the District Court for the Northern District of Texas, Dallas Division, for remand back to state court.[3]  On July 1, 2014, the court held a hearing on the Amended Motion (the "Hearing") at which counsel for Plaintiffs and the Bosworth and McMurray Defendants[4] argued.  The court took the Amended Motion under advisement.

After considering the pleadings, counsels' arguments at the Hearing, and the relevant case law, the court concludes that it should abstain from hearing the Removed Adversary and transfer the proceeding to the District Court for the Western District of Texas for remand to state court. The presence and extent of this court's jurisdiction pursuant to 28 U.S.C. § 1334(b) and 157(a) is discussed below.  This memorandum opinion and order constitutes the court's findings of fact and conclusions of law.  FED. R. BANKR. P. 7052.

---

1    This *Amended Memorandum Opinion and Order* incorporates the changes requested by the McMurray Defendants (defined below) in their *Notice Correcting Representation of LuAnn Machev, AKA Luann Machev Graham*, which appears on the court's docket as document number 30 in the Third-Party Adversary (defined below).

2    "Docket no." will hereinafter refer to the corresponding docket entry in the Third-Party Adversary (defined below).  The parties filed the various motions, responses, and replies in the Third-Party Adversary, although disposing of these pleadings necessarily affects the Removed Adversary.

3    By the Reply (defined below), Plaintiffs adopt and advocate the position that the court has the power to remand directly to state court rather than by way of transfer to the District Court.  *Reply*, docket no. 14, ¶¶ 14–22.

4    Defendants Black Strata LLC; MontCrest Energy Properties, Inc.; Craig Crockett; Craig Crockett P.C. d/b/a the Crockett Firm; Thomas McMurray; Thomas McMurray, P.C.; AJ Morris; and AJ Morris III (collectively, the "McMurray Defendants") responded to the Amended Motion jointly.  *McMurray Defs.' Resp. to [the Am. Mot.] and the Mem. of Law in Opp'n to [the Am. Mot.]*, docket no. 11 (the "McMurray Defendants' Response").  Likewise, Defendants Michael J. Bosworth and Brodie Bosworth (together, the "Bosworth Defendants") responded to the Amended Motion jointly.  *[Bosworth Defs.'] Mot. for More Definite Statement, and Subject to, Resp. and Objection to [the Am. Mot.]*, docket no. 9 (the "Bosworth Defendants' Response").

# I. BACKGROUND

Two adversaries currently pending before this court concern the bankruptcy case (the "Case") of MontCrest Energy, Inc. ( "Debtor").  The first adversary, No. 14-3049, was removed to federal court (the "Removed Adversary"), and the second adversary, No. 14-4028, originated in this court (the "Third-Party Adversary").  As will be discussed, distinguishing between these two proceedings is necessary for the purpose of analyzing subject-matter jurisdiction.

On March 7, 2014, Plaintiffs commenced the Removed Adversary by filing *Plaintiffs' Original Petition* (docket no. 11-A, the "Petition"), in Cause No. 2014-925-3 in the 74th Judicial District Court of McLennan County, Texas (the "74th District Court").  *Callan v. Black Strata, LLC*, No. 2014-925-3 (74th Dist. Ct., McLennan County, Tex. Mar. 7, 2014).  Plaintiffs are investors who purchased from Debtor a working interest in eight oil wells.  *Pls.' Orig. Pet.*, docket no. 11-A, ¶ 44.  Defendants are former directors, officers, and professionals who were employed by, or represented, Debtor prepetition.  *Id.*  By the Petition, Plaintiffs allege that Defendants, in connection with the management of Debtor and the solicitation of Plaintiffs' working interests, are liable for various state law claims, including: fraud, fraudulent intentional misrepresentation, conspiracy, violations of the Texas Securities Act, negligent misrepresentation, breach of fiduciary duty, and knowing participation or aiding and abetting in breach of fiduciary duty.[5]  *Id.* ¶¶ 50–120.

---

[5]    The court notes that Plaintiffs did not sue Debtor directly or sue Defendants based on contractual rights granted by their working interest subscription agreements.  As Debtor filed the Case on March 8, 2013, any attempt to sue Debtor without leave of this court for a cause of action that could have been brought prepetition would have violated the automatic stay.  *See* 11 U.S.C. § 362(a)(1), (d).

On April 7, 2014, the McMurray Defendants removed the Removed Adversary to federal court pursuant to 28 U.S.C. §§ 157, 1334, and 1452.[6] The Removed Adversary was improperly removed to the U.S. District Court for the Northern District of Texas, Dallas Division ("Dallas District Court") in the case styled *Callan v. Black Strata, LLC*, Civ. Action No. 3:14-cv-01246 (N.D. Tex. removed Apr. 7, 2014).

On April 11, 2014, the Honorable A. Joe Fish, U.S. District Court for the Northern District of Texas, transferred the Removed Adversary to the U.S. District Court for the Western District of Texas, Waco Division ("Waco District Court"), pursuant to 28 U.S.C. §§ 1404(a), 1406(a).[7]

On May 2, 2014, the Honorable Walter S. Smith, U.S. District Court for Western District of Texas, transferred the Removed Adversary to the U.S. District Court, Northern District of Texas, Fort Worth Division ("Fort Worth District Court"), and the Removed Adversary was assigned to the Honorable John McBryde, U.S. District Court for the Northern District of Texas. On May 6, 2014, the case was referred to this court as a proceeding arising under title 11 or arising in or related to Debtor's chapter 7 bankruptcy case. L.B.R. 9027–1; *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*, Misc. Order No. 33 (N.D. Tex. 1984).

On April 14, 2014, Crockett, a defendant in the Removed Adversary, commenced in this court the Third-Party Adversary by filing *Crockett's Adversary Complaint Against Debtor* (docket no. 1, the "Third-Party Complaint"). By the Third-Party Complaint, Crockett, as a third-party

---

6    Diversity of citizenship does not exist between the parties in the Removed Adversary, and no federal question is alleged in the Petition. *See* 28 U.S.C. §§ 1331–32. Accordingly, federal bankruptcy jurisdiction under 28 U.S.C. § 1334(b), if present, appears to be the only basis for federal jurisdiction.

7    Section 1404(a) of title 28 applies when venue in the existing court is proper but inconvenient for the parties or witnesses. 1 COLLIER ON BANKRUPTCY ¶ 4.05[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2014). In comparison, section 1406(a) applies to a case that has been brought in an improper forum, allowing for the case to be transferred to a district in which the action could have been brought. *Id.* By transferring the case pursuant to both sections 1404(a) and 1406(a), Judge Fish effectively expressed no opinion as to whether venue in the Dallas District Court was proper.

plaintiff, asserts claims for contribution and indemnity against Debtor as a third-party defendant. *Third-Party Compl.*, docket no. 1, at 2–3.

On May 7, 2014, Plaintiffs' filed *Plaintiffs' Motion to Abstain and to Remand* (docket no. 7), which Plaintiffs supplanted with the Amended Motion on May 28, seeking abstention from, and transfer of, the Removed Adversary. On June 13, 2014, both the Bosworth and McMurray Defendants responded to the Amended Motion. The Bosworth Defendants sought a more-definite statement and opposed the requested relief on numerous grounds, including that Plaintiffs' requested relief of abstention and transfer is contradictory. *Bosworth Defs.' Resp.*, docket no. 9, ¶¶ 1–5, 17–19. The McMurray Defendants asserted that the Removed Adversary implicates this court's core jurisdiction and that permissive abstention is improper. *McMurray Defs.' Resp*, docket no. 11, at 7–8, 15–25. On June 26, 2014, Plaintiffs filed *Pls.' Reply in Supp. of [the Am. Mot.]* (docket no. 14, the "Reply"). By the Reply, Plaintiffs echo the arguments made in the Amended Motion but also aver that this court may remand the Removed Adversary directly to the 74th District Court rather than by way of transfer to the Dallas District Court. *Reply*, docket no. 14, ¶¶ 14–21.

## II. DISCUSSION

The analysis of this court's jurisdiction over the Removed Adversary and the Third-Party Adversary must begin with 28 U.S.C. § 1334, which "is the sole statutory source of bankruptcy court jurisdiction." *Frisia Hartley, LLC v. Wells Fargo Bank, N.A. (In re Talsma)*, 509 B.R. 535, 541 (Bankr. N.D. Tex. 2014) (citing *Faulkner v. Eagle View Capital Mgt. (In re The Heritage Org., L.L.C.)*, 454 B.R. 353, 359 (Bankr. N.D. Tex. 2011)). Even if bankruptcy jurisdiction under section 1334(b) exists, abstention may be mandated under section 1334(c)(2) or, alternatively, permitted under section 1334(c)(1). 28 U.S.C. § 1334(c)(1)–(2).

By the Amended Motion, Plaintiffs argue that this court lacks subject-matter jurisdiction over the Removed Adversary.  Alternatively, Plaintiffs argue that abstention under section 1334(c) is proper whether required or permitted.  Defendants oppose each of these arguments on various grounds.  Moreover, the parties disagree on the disposition of the Removed Adversary should the court determine that abstention or remand is appropriate.

As a preliminary matter, the court notes that Congress affords considerable discretion to a federal judge's determination of whether to abstain from hearing a proceeding and whether to remand a proceeding.  Subject to limited exceptions, neither decision is reviewable on appeal from the District Court in the federal system.  28 U.S.C. §§ 1334(d) ("Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."); 1447(d) ("An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise.").

The court will address the issues of subject-matter jurisdiction, mandatory abstention, permissive abstention, and remand in turn.  Because the court concludes—assuming subject-matter jurisdiction exists—that permissive abstention and remand are appropriate, the court will conclude by discussing the court to which the Removed Adversary should be sent.

### A. Subject-Matter Jurisdiction

Turning first to subject-matter jurisdiction, a bankruptcy court's statutory authority to determine an adversary proceeding "depends on the connection of the proceeding to the bankruptcy case." *Frisia Hartley*, 509 B.R. at 541.  Section 157 of title 28 differentiates between "core" and "non-core" cases and proceedings.  28 U.S.C. § 157(b)–(c).  "Core" proceedings include those cases and proceedings "arising under" title 11—that is, causes of action created or

determined by a statutory provision of title 11—and "arising in" a case under title 11—that is, based on claims that do not exist outside of a bankruptcy. *See Stern v. Marshall*, 564 U.S. ___, 131 S. Ct. 2594, 2605 (2011); *Fire Eagle L.L.C. v. Bischoff (In re Spillman Dev. Grp.)*, 710 F.3d 299, 304–05 (5th Cir. 2013); *Frisia Hartley*, 509 B.R. at 541.

In comparison, "related to" proceedings fall within a bankruptcy court's "non-core" jurisdiction. 28 U.S.C. § 157(c)(1). A "related to" proceeding is one where "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.6 (1995) (emphasis added) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). "That state law may affect a proceeding's resolution cannot be the sole basis by which a proceeding is excluded from the otherwise large net cast by 'related to' jurisdiction." *Frisia Hartley*, 509 B.R. at 542 (citing 28 U.S.C. § 157(b)(3)). Moreover, a bankruptcy court "may consider 'related to' actions between third party non-debtors under 28 U.S.C. § 1334(b) in appropriate circumstances." *Estate of Johnny Fisher v. JPMorgan Chase Bank, N.A. (In re Fort Worth Osteopathic Hosp., Inc.)*, 406 B.R. 741, 745 (Bankr. N.D. Tex. 2009) (citing *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292 (5th Cir. 2007)). The Supreme Court has succinctly summarized the procedural distinction between core and non-core matters and proceedings, stating:

> Put simply: If a matter is core, the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court. If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding *de novo* and enter final judgment.

*Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. ___, 134 S. Ct. 2165, 2172 (2014).

Here, the court must consider subject-matter jurisdiction over both the Removed Adversary and the Third-Party Adversary. The latter proceeding is clearly within this court's core authority to determine the allowance or disallowance of claims. 28 U.S.C. § 157(b)(2)(B); *Stern*, 131 S. Ct. at 2618. But this court's subject-matter jurisdiction of the Removed Adversary is more tenuous. Plaintiffs have sued only former officers and directors of, and professionals employed by, Debtor—but not Debtor directly. *Pls.' Orig. Pet.*, docket no. 11-A, ¶¶ 18–40; *see also* Tr. July 1, 2014 Hr'g, docket no. 27, at 3:18–4:4. Moreover, the causes of action sound in tort rather than contract and thus are independent of any claims Plaintiffs may assert against Debtor on the basis of their individual working interest subscription agreements. Finally, although the Chapter 7 Trustee in the Case may be able to assert similar claims against Debtor's former officers and directors, Plaintiffs are working interest holders whose claims are direct and not derivative. Tr. July 1, 2014 Hr'g, docket no. 27, at 3:7–14.[8] As a result, the sole apparent connection between the Removed Adversary and the Case is Defendants' claims for guaranty and indemnification asserted against Debtor as a defendant in the Third-Party Adversary.

Plaintiffs cite several authorities that the core proceedings raised in the Third-Party Adversary may not convey federal jurisdiction where it does not otherwise exist in the Removed Adversary. *Am. Mot.*, docket no. 15, ¶ 13 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99 (1987); *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989); *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). In *Caterpillar*, employees sued their employer in state court for

---

8    *See also Lewis v. Knutson*, 699 F.2d 230, 238 (5th Cir. 1983). Standing to pursue a derivative action requires stock ownership at the time of the alleged actions occurred. Fed. R. Civ. P. 23.1. Status as a shareholder who participates in the profits of a corporation is critical because, as the Fifth Circuit explained in *Knutson*, "standing to bring a derivative action in [sic] behalf of a corporation is justified only by the proprietary interest created by the stockholder relationship and the possible indirect benefits the nominal plaintiff may acquire *qua* stockholder of the corporation which is the real party in interest." 699 F.2d at 238 (quoting *Schilling v. Belcher*, 582 F.2d 995, 1002 (5th Cir. 1978)) (internal punctuation omitted).

breach of their employment agreements, and the employer removed the suit to federal court,

arguing that federal law on collective-bargaining agreements governed the dispute. 482 U.S. at

389–90. The District Court held that removal was proper and dismissed the suit when the

employees refused to amend their complaint, and the Ninth Circuit reversed. *Id.* at 390–91.

Relying on the well-pleaded complaint rule, the Supreme Court affirmed the Ninth Circuit and

held that the state court could decide the breach of contract claims separately from any collective-

bargaining claims the employees could have brought or defenses asserted by the employer. *Id.* at

392, 395. Concluding that the state law claims in the complaint and the federal law defenses in

the answer were separate, the Supreme Court reasoned that:

> [T]he presence of a federal question . . . in a defensive argument does not overcome
> the paramount policies embodied in the well-pleaded complaint rule—that the
> plaintiff is the master of the complaint, that a federal question must appear on the
> face of the complaint, and that the plaintiff may, by eschewing claims based on
> federal law, choose to have the cause heard in state court . . . [A] *defendant* cannot,
> merely by injecting a federal question into an action that asserts what is plainly a
> state-law claim, transform the action into one arising under federal law, thereby
> selecting the forum in which the claim shall be litigated.

482 U.S. at 398–99 (emphasis in original). Instead, the *Caterpillar* Court noted that the complaint

determines federal question jurisdiction and that "Congress has long since decided that federal

defenses do not provide a basis for removal." *Id.* Accordingly, the removing party cannot

manufacture federal question jurisdiction by alleging federal defenses, counterclaims, or cross-

claims.

The analysis of federal question jurisdiction in *Caterpillar* applies equally to the

bankruptcy jurisdiction at issue here. That analysis requires the court to set aside the core

jurisdiction pled by the indemnity and contribution claims in the Third-Party Action and to

consider instead whether the Petition itself invokes federal jurisdiction over the Removed

Adversary. While the court would tend to agree with Plaintiffs' cited authorities that no

bankruptcy jurisdiction exists over the Removed Adversary based solely on the Petition, the court need not go so far as to say the Removed Action will have no *conceivable* effect on the administration of Debtor's estate. Instead, assuming that the tenuous connections of Plaintiffs' claims in the Removed Adversary invoke its "related-to" jurisdiction, the court believes that is should abstain from hearing the Removed Adversary.

*B. Abstention*

Section 1334 outlines two types of abstention: (1) section 1334(c)(1) provides a means for discretionary abstention in all types of proceedings and (2) section 1334(c)(2) mandates abstention in certain proceedings that are related to a bankruptcy case. Specifically, section 1334(c) provides that:

> (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(1)–(2). Thus, the court must consider the different standards used in applying the abstention doctrines created by this statute and determine, under those standards, the nature of its authority over the causes of action in the Removed Adversary.

*1. Mandatory Abstention*

Mandatory abstention under section 1334(c)(2) is required if four conditions are met and three elements are present. The four conditions require that (1) the motion be timely; (2) the dispute be based upon a state law claim or cause of action; (3) the dispute invoke only "related-to"

jurisdiction and does not otherwise arise in the bankruptcy case or under title 11; and (4) bankruptcy jurisdiction under section 1334 be the sole basis for federal jurisdiction. 28 U.S.C. § 1334(c)(2); *In re Fort Worth Osteopathic Hosp.*, 406 B.R. at 746. If these conditions are met, a federal court must abstain from hearing the proceeding if (1) an action is commenced (2) in a state forum of appropriate jurisdiction and (3) can be timely adjudicated there. 28 U.S.C. § 1334(c)(2); *In re Fort Worth Osteopathic Hosp.*, 406 B.R. at 746.

The parties have given considerable attention to whether the Amended Motion was timely. Even assuming the Amended Motion was timely, Plaintiffs face a larger issue of whether a parallel proceeding exists in state court. A number of courts have reasoned that, by the plain language of the statute, once a proceeding has been removed from state court no proceeding is pending—thus no proceeding "is commenced"—in a state forum at the time abstention is sought. *See, e.g.*, *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009–10 (9th Cir. 1997); *Fedders N. Am., Inc. v. Branded Prods., Inc. (In re Branded Prods., Inc.)*, 154 B.R. 936, 940 (Bankr. W.D. Tex. 1993) ("When a case is removed to federal court from state court, by contrast, the case file is literally transferred, and there is no case any longer pending in the state court."), *abrogated by Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 929 (5th Cir.), *cert. denied*, 527 U.S. 1004 (1999); *Denton Cnty. Elec. Co-op., Inc. v. Eldorado Ranch, Ltd. (In re Denton Cnty. Elec. Co-op., Inc.)*, 281 B.R. 876, 881 (Bankr. N.D. Tex. 2002) ("The words 'an action is commenced' cannot easily be interpreted to include an action to be commenced in the future. This Court therefore concludes that mandatory abstention under 28 U.S.C. § 1334(c)(2) requires a state court action to be pending."); *see also In re Fort Worth Osteopathic Hosp.*, 406 B.R. at 746. Accordingly, these courts have held that mandatory abstention is not appropriate as a matter of law where the proceeding in question has been removed

from state court into the federal system.  *Sec. Farms*, 124 F.3d at 1010; *In re Branded Prods.*, 154 B.R. at 940 ("Section 1334(c)(2), as a practical matter then, turns out to be a useless appendage on the bankruptcy jurisdictional scheme—an appendage over which bench and bar frequently trip. Congress would do well to do us all a favor and simply remove it from the statute, before somebody gets hurt."); *Denton Cnty.*, 281 B.R. at 881.

Considering this authority, the court is concerned whether mandatory abstention is appropriate.  However, the court does not need to decide whether mandatory abstention is required because permissive abstention is appropriate under 28 U.S.C. § 1334(c)(1).

### 2. Permissive Abstention and Equitable Remand

As opposed to mandatory abstention, a federal court has discretion under section 1334(c)(1) of title 28 to abstain from determining either a core or non-core proceeding if the interests of justice, comity, or respect for state law so require.  *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996).  In addition to permissive abstention under section 1334(c)(1), a federal court may also remand a proceeding "on any equitable ground."  28 U.S.C. § 1452.  Because sections 1334(c)(1) and 1452 "are similar in purpose, the circumstances which weigh in favor of discretionary abstention . . . weigh in favor of or constrain remand under § 1452(b)."  *Regal Row Fina, Inc. v. Wash. Mut. Bank.*, Civ. A. No. 3:04-CV-1033, 2004 WL 2826817, at *8 (N.D. Tex. Dec. 9, 2004) (Fish, J.) (citing *Lee v. Miller*, 263 B.R. 757, 763 (S.D. Miss. 2001).[9]

---

9    The Fifth Circuit has identified eight factors relevant to determining whether a case should be remanded, including: (1) *forum non conveniens*; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result.  *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984) (citations omitted); *see also Regal Row Fina*, 2004 WL 2826817, at *8 n.7.  However, several courts have applied the same factor analysis of permissive abstention to equitable remand.  *E.g., Regal Row Fina*, 2004 WL 2826817, at *8 n.7; *Lee*, 263 B.R. at 763;

"[T]he starting point in analyzing whether permissive abstention is appropriate is whether abstention will impede or disrupt the bankruptcy court's 'exclusive and non[]delegable control over the administration of the estate within its possession." *Coho Oil & Gas, Inc. v. Finley Res., Inc. (In re Coho Energy, Inc.)*, 309 B.R. 217, 221 (Bankr. N.D. Tex. 2004) (quoting *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483 (1940)).  To guide this analysis, courts have looked to twelve factors, including:

(1) the effect, or lack thereof, on the efficient administration of the estate if a court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable state law;

(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of nondebtor parties.

---

*Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1020 (Bankr. N.D. Ala. 1996).  Accordingly, the court will follow Judge Fish's anlaysis in *Regal Row Fina* and consider permissive abstention and remand together such that if permissive abstention is appropriate remand will likewise be appropriate.

*Hester v. Coho Energy, Inc. (In re Coho Energy, Inc.)*, No. 3:01-CV-0407-P, 2002 WL 523948, at

*7 (N.D. Tex. Apr. 5, 2002); *Denton Cnty.*, 281 B.R. at 881.

After considering these factors guiding permissive abstention, the court finds that

abstention from hearing the Removed Adversary is proper under 28 U.S.C. § 1334(c)(1). Factors

1, 3, and 9 either do not apply or carry little weight. Factor 4 does not favor abstention based on

the same authorities discussed with mandatory abstention under section 1334(c)(2) because it does

not appear that a state court action "is commenced" after the removal to federal court. *See Denton*

*Cnty.*, 281 B.R. at 881; *In re Fort Worth Osteopathic Hosp.*, 406 B.R. at 746.

The remaining factors (2, 5, 6, 7, 8, 10, 11, and 12) all favor abstention. As to factors 2, 5,

6 and 7, state law issues predominate over any bankruptcy issues raised. Indeed, bankruptcy law

is irrelevant except as to the allowance or disallowance of potential claims against Debtor's estate

should Plaintiffs succeed in the Removed Adversary. And bankruptcy jurisdiction under section

1334(b) appears to be the sole source of federal jurisdiction, assuming such jurisdiction is even

proper. This doubt as to whether jurisdiction is proper implicates factor 8 in that the limited

connection to Debtor's bankruptcy allows the parties to obtain judgments in state court and,

subsequently, to enforce those judgments in bankruptcy court through the claims process. Factor

10 favors abstention here because the parties have traded forum shopping allegations in both the

Removed Adversary and the Third-Party Adversary.[10] Factor 11 favors abstention as Plaintiffs

have demanded a jury in the Removed Adversary and paid the fee before removal. Finally, as

discussed, all parties to the Removed Adversary are non-debtors, thus satisfying factor 12.

---

10    Counsel made clear at the Hearing and in the papers that a motion to transfer venue will likely be the first
issue raised in the 74th District Court if remanded. Whether venue is ultimately in Fort Worth or Waco, the issue
before the court at this time is limited to the existence and the exercise of federal jurisdiction.

The majority of the *Denton County* factors favor abstention pursuant to 28 U.S.C. § 1334(c)(1). These factors, along with the court's concerns about subject-matter jurisdiction, lead the court to hold that permissive abstention from determining the Removed Adversary is appropriate. Accordingly, because permissive abstention is appropriate, the court likewise holds that remand of the Removed Adversary to state court is appropriate.

### E. The Removed Adversary Should Be Transferred to the Waco District Court

Having determined that section 1334(c)(1) favors abstention, the court must now determine to where the Removed Adversary should be sent. Because bankruptcy jurisdiction under section 1334(b) appears to be the sole basis for federal jurisdiction, abstention removes any basis for that federal jurisdiction. Therefore, remanding the Removed Action to state court is, ultimately, the appropriate remedy.[11]

The Removed Action has passed through four courts en route to this court: (1) the 74th District Court, (2) the Waco District Court, (3) the Dallas District Court, and (4) the Fort Worth District Court. The court must now determine whether its power allows remand directly to the

---

11    The Bosworth Defendants disagree, arguing that Plaintiffs have requested improper and contradictory relief by seeking both abstention and remand. *Bosworth Defs.' Resp.*, docket no. 9, ¶ 17 (citing *Brown v. Shepherd (In re Lorax Corp.)*, 295 B.R. 83, 90 (Bankr. N.D. Tex. 2003)). In *Brown*, this court stated:

> The word "abstain" is not defined by statute. When a court abstains from hearing a case, it "declines to exercise its jurisdiction" over a particular matter. The usual procedural device to "abstain" is to dismiss the matter pending before the federal tribunal, so that a parallel matter can proceed in an alternate forum.

295 B.R. at 90 (footnotes omitted). Yet, in *Brown*, parallel proceedings existed in state and federal court. *Id.* at 87–88. As discussed above, no such parallel proceeding in state court has existed here since the Removed Action entered the federal system. The Bosworth Defendants argue that this court's language in *Brown*, as applied to the situation where only a removed proceeding exists, means that the only remedy is dismissal and that remand is a contradictory remedy. *Bosworth Defs.' Resp.*, docket no. 9, ¶¶ 17–20.

The Fifth Circuit has rejected this argument as semantic, holding that abstention may apply even once a case has been removed to federal court. *Southmark Corp.*, 163 F.3d at 929 ("[W]e note, only to reject out of hand, [Appellees'] assertion that statutory abstention does not apply to cases removed to federal court on the basis of bankruptcy jurisdiction. There is no textual support in the statute for this position . . . .") (citations omitted). Accordingly, under *Southmark Corp.*, abstention and remand are appropriate remedies to return a proceeding for disposition in the state-court system after removal to the federal system.

74th District Court in Waco or is instead limited to transferring the Removed Action to a federal district court with a recommendation to remand. Moreover, if the latter is appropriate, the court must determine to which federal district court the Removed Action should be transferred.

### 1. The Removed Adversary Should be Transferred to Federal District Court Rather that Remanded Directly to State Court

The court concludes that it cannot remand the Removed Action directly to the 74th District Court but instead must transfer the Removed Action to a federal district court. Section 1452 of title 28, which provides the procedural process for removing and remanding claims related to bankruptcy cases, states:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158 (d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452.

Numerous courts interpreting section 1452 have held that "the court" for purposes of subsection (b) is the first court to which an action is removed.[12] This line of cases endorses either a seriatim approach—that is, retracing the procedural history of a case back to state court—or a

---

12   *Hudson-Ram, L.P. v. Archer (In re U.S. Ref. & Mkt. Co.)*, 210 F.3d 387, 387 (9th Cir. 2000) (unpub. mem. op.); *Garner v. Todd (In re Todd Entm't)*, 397 B.R. 795, 799–800 (Bankr. N.D. Tex. 2008); *Cornerstone Dental, PLLC v. Smart Dental Care, LLC*, Adv. No. 07-09002-TLM, 2008 WL 907374, at *2–3 (Bankr. D. Idaho Mar. 31, 2008); *Agent Sys., Inc. v. Capital Metro. Transp. Auth. (In re Agent Sys., Inc.)*, 289 B.R. 828, 835 (Bankr. N.D. Tex. 2002); *Weniger v. Intermet Realty P'ship (In re Convent Guardian Corp.)*, 75 B.R. 346, 347 (Bankr. E.D. Pa. 1987). *See also Petrofsky v. ARA Grp., Inc.*, 878 F. Supp. 85, 86 (S.D. Tex. 1995) (stating that "a case cannot be remanded to a court from which it did not come").

direct transfer to the first court to which an action was removed.[13] Either situation requires an intermediate court between the bankruptcy court and the state court to which an action will be remanded. Another line of cases applies the so-called "equitable approach," which allows courts to remand a case cross-jurisdictionally back to the appropriate court to increase efficiency and conserve judicial resources.[14] Courts in this line of cases have reasoned that the transferee court (the subsequently remanding court) is conferred with the power held by the initial transferor court (the "first court"), including the same power to remand.[15]

The seriatim approach appears to be the process dictated by the statute, although not to the full inferential extent suggested by the Ninth Circuit in *Archer*. The court recognizes that judicial economy and both parties' time are best preserved under the equitable approach, but the "first court" requirement in subsection (b) comports with the plain language of the statute. Nonetheless, some economy may be realized. Rather than following the procedural breadcrumbs back to state court, the court may transfer the case directly to the court empowered to remand the Removed Adversary to the 74th District Court. The practical effect in this case will be bypassing the need to obtain withdrawal of the reference from the Fort Worth District Court and a subsequent transfer of the case either to the Dallas or Waco District Courts. Because the Fort Worth District Court

---

13    *Archer*, 210 F.3d at 387 (endorsing the seriatim approach); *Garner*, 397 B.R. at 800 (noting that the direct and seriatim approach produced same result in the case); *Cornerstone Dental*, 2008 WL 907374, at *3 (transferring case directly to the first court); *Agent Sys., Inc.*, 289 B.R. at 835 (citing *Archer*, 210 F.3d at 387).

14    *E.g.*, *Allied Signal Recovery Trust v. Allied Signal Inc.*, 298 F.3d 263, 271 (3d Cir. 2002) ("[A] transferee court is deemed to inherit all the authority of a transferor court")); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) ("The transferee court's powers are coextensive with those of the transferor court; it may issue any order or render any judgment that could have been made in the transferor court had the transfer never taken place."); *Danner v. Himmelfarb*, 858 F.2d 515, 521 (9th Cir. 1988) (same); *Woodcock v. U.S. Dep't of Educ. (In re Woodcock)*, 301 B.R. 530, 533 (B.A.P. 8th Cir. 2003) (same); *Terral v. SCH Mgmt. Solutions, Inc.*, No. 04-1545, 2004 WL 2115486, at *7 (E.D. La. Sept. 21, 2004) (same). *See also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 33 (3d Cir. 1985) (remanding the case on appeal from the U.S. District Court for the Western District of Pennsylvania with instructions to remand the case cross-jurisdictionally to California state court).

15    *Allied Signal*, 298 F.3d at 271; *Chrysler Credit Corp.*, 928 F.2d at 1516.

may transfer the case to the Dallas or Waco District Courts, and because this court is a unit of the Fort Worth District Court and the Dallas District Court, this court may transfer the case directly to the appropriate District Court. *See* 28 U.S.C. § 151.

### 2. The Case Should Be Transferred to the Western District of Texas

The proper application of section 1452 of title 28 dictates that the Waco District Court may remand the case to the 74th District Court. Accordingly, the appropriate remedy is to transfer the Removed Action to the Waco District Court with a respectful recommendation that the Removed Action be remanded to the 74th District Court.

This result is supported by the plain language of section 1452. The two subsections of the statute work congruently—that is, the court to which a claim or cause of action is removed pursuant under subsection (a) of section 1452 may remand that claim or cause of action under subsection (b). The plain text of subsection (a) likewise imposes a territorial and jurisdictional requirement for "the court" in subsection (b). 28 U.S.C. § 1452(a).[16] As a result, the implied rule under section 1452(b) is the first court that satisfies the territorial and jurisdictional requirements of subsection (a) to which a claim or cause of action is removed may remand.

Both sections 1441 and 1452 of title 28 indicate that a case should be removed to the court within the judicial district in which the state court action is pending. If a case is removed to an improper court, the appropriate remedy is to transfer the case within the federal system to the

---

[16]    Section 1441 of title 28, which governs the general removal of non-bankruptcy civil actions from state to federal court, likewise includes a territorial requirement. 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending*.") (emphasis added).

proper court.[17]   Accordingly, by extension, the remanding court should likewise be the district court within the judicial district in which the state court action was pending before removal.

### III. CONCLUSION

For the foregoing reasons, the court holds that abstention under 28 U.S.C. § 1334(c)(1) and remand under 28 U.S.C. § 1452(b) are appropriate.  Furthermore, the court holds that 28 U.S.C. § 1452 requires that the order to remand the Removed Adversary to the 74th District Court come from the Waco District Court, the first court with proper jurisdiction to which the Removed Adversary was removed.  The court respectfully recommends that the Waco District Court remand the Removed Action to the 74th District Court for trial.  The Third-Party Adversary will be stayed pending the outcome of the Removed Adversary.  Accordingly, it is therefore:


**ORDERED** the Removed Adversary, No. 14–04039, be transferred to the District Court for the Western District of Texas (Waco Division) pursuant to 28 U.S.C. § 1452(b).

**ORDERED** the Third-Party Adversary, No. 14-04024, be stayed pending the outcome of the Removed Adversary.


**IT IS SO ORDERED**.


**### END OF MEMORANDUM OPINION AND ORDER ###**

---

17    Indeed, such was the result here when Judge Fish transferred the case from the Dallas District Court to the Waco District Court following the improper removal to Dallas.